BLOUNT *v.* RILEY.

A promissory note not payable at a chartered bank, is not, in this state, governed by the law-merchant.

Where a promissory note, whether negotiable by the law-merchant or not, has been assigned after it became due, the admissions of the assignor made before the assignment that the note had been paid, are admissible in evidence against the assignee.

ERROR to the *Spencer* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Riley*, the indorsee of a promissory note, against *Blount*, the maker. There are two pleas: 1st. The general issue; 2d. Payment to the payee before his assignment.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

The note is as follows: "*Rockport, Indiana, October* 12th, 1845. Due *A. G. McCoy*, or order, 132 dollars and 62 cents, for value received. (Signed) *T. Blount.*" The note was indorsed by the payee to *William W. McCoy*, and by the latter to the plaintiff.

The defendant offered to prove on the trial, by one *Stephen Hyland*, that after the note was due, and when owned by the payee and in his possession, and before it was assigned by him, he, the payee, in a conversation about the note, stated to the witness that the defendant, *Blount*, had made full payment of the note and interest to him, the payee.

The plaintiff objected to this evidence, and the objection was sustained.

This case presents but one question, which is, whether said evidence was admissible.

The note sued on not being payable at a chartered bank, is not governed by the law-merchant. We will consider the case, however, as if the note were so governed, which is more than the plaintiff has a right to ask. The law on the question before us is stated by a late writer as follows: "It has been held that declarations by the holder of a negotiable instrument, made whilst he was holder, are evidence against a plaintiff who claims under

him, in the same manner as declarations respecting his title made by a former owner of an estate whilst he was in possession, are evidence against a subsequent owner. But there is an obvious distinction between the case of an assignee of land or other property and the assignee of a negotiable instrument.   The former has, in general, no title, either at law or in equity, unless his assignor had, but the latter may, as we have seen, have a very good title, though his assignor had none at all.   Accordingly, it has been decided that unless the plaintiff on a bill or note stands on the title of a prior holder, the declarations of such former holder are not evidence against him.   But if he does stand on the title of a prior holder, as if he have taken the bill overdue or without consideration, then the declarations of that prior holder under whom he claimed, and on whose title he stands, are evidence against him."   Byles on Bills, 333.

Mr. *Phillips's* language is as follows:   " With respect to admissions by persons in possession of chattels or negotiable securities against subsequent proprietors, which may be thought analogous to admissions by privies in estate, it appears to be a rule that where a person must recover through the title of another, he is bound by the declaration of the party through whom he claims.   Thus, if a person brings an action upon a bill of exchange, the declaration of a person, who, at the time when such declaration was made, was holder of the bill, and who had not parted with it till after it was due, is evidence against the plaintiff, being made by one according to whose title his own must stand or fall."   1 Phillips on Ev. 394.

The language of Mr. *Greenleaf* is similar to that of the authors we have referred to.   He says:   " The declarations of a former holder of a promissory note, negotiated before it was overdue, showing that it was given without consideration, though made while he held the note, are not admissible against the indorsee; for, as was subsequently observed by *Parke*, Justice, ' the right of a person, holding by a good title, is not to be cut down by the acknowledgment of a former holder, that he had no title.

But in an action by the indorsee of a bill or note dishonored before it was negotiated, the declarations of the indorser, made while the interest was in him, are admissible in evidence for the defendant.

"These admissions by third persons, as they derive their value and legal force from the relation of the party making them to the property in question, and are taken as parts of the *res gestæ*, may be proved by any competent witness who heard them, without calling the party by whom they were made." 1 Greenl. Ev. 231.

In the case before us, the note was overdue before the payee's assignment, and, therefore, had the note even been negotiable by the law-merchant, the assignee would have stood in no better situation than the payee. Their interests, as the books have it, are identified, and the payee's admissions before the assignment are admissible in evidence against the assignee.

We are of opinion, therefore, that the evidence offered by the defendant ought to have been admitted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Q. DeBruler*, for the plaintiff.
*A. L. Robinson*, for the defendant.